IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 14, 2005
THOMAS K. KAHN
CLERK

No. 03-14038

D. C. Docket Nos. 90-00258-CV-5 & 90-00262-CV-5

FELTON CULLEN WILLIAMS,
RICHARD L. CARTER, et al.,

Plaintiffs-Appellees,

versus

OWENS-CORNING FIBERGLAS CORPORATION, et al,

Defendants,

CSX TRANSPORTATION, INC.,

Defendant-Appellant.

_____

No. 03-14508
_____

D. C. Docket No. 01-00155-CV-2

JAMES LEVERETT,
Individually and as Executor of the
Estate of Gloria Leverett, Deceased,

Plaintiff-Appellee,

versus

CSX TRANSPORTATION INC.,
Individually and as Successor in Interest to
Seaboard Systems Railroad, Inc., The Seaboard
Coastline Railroad, The Atlantic Coastline Railroad and
The Georgia and Florida Railroad,



Defendant-Appellant,

GARLOCK, INC., et al,

Defendants.

---

Appeals from the United States District Court
for the Southern District of Georgia

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAY 1 3 2005
U.S COURT OF APPEALS
ATLANTA, GA

Entered:      April 14, 2005
For the Court:   Thomas K. Kahn, Clerk
By:         Gilman, Nancy

Felton Cullen WILLIAMS,
Plaintiffs-Appellees,

v.

OWENS-CORNING FIBERGLAS
CORPORATION, et al.,
Defendants,

CSX Transportation, Inc.,
Defendant-Appellant.

James Leverett, Individually and as Executor of the Estate of Gloria Leverett, Deceased, Plaintiff-Appellee,

v.

CSX Transportation Inc., Individually and as Successor in Interest to Seaboard Systems Railroad, Inc., The Seaboard Coastline Railroad, The Atlantic Coastline Railroad and The Georgia and Florida Railroad, Defendant-Appellant,

Garlock, Inc., et al, Defendants.

Nos. 03-14038, 03-14508.

United States Court of Appeals,
Eleventh Circuit.

April 14, 2005.

Appeals from the United States District Court for the Southern District of Georgia (Nos. 90-00258-CV-5, 90-00262-CV-5 and 01-00155-CV-2); Anthony A. Alaimo, Judge.

Before BLACK, RONEY and STROM*, Circuit Judges.

---

* Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

PER CURIAM:

These separate interlocutory appeals, Nos. 03-14038 & 03-14508, are again before this Court after the Supreme Court of Georgia's answer to our Certified Question of State Law. Plaintiffs are relatives, or personal representatives thereof, of Defendant CSX Transportation ("CSXT") employees who allege in the diversity jurisdiction case they were exposed at locations other than CSXT work facilities, such as at home, to asbestos fibers emitted from the work clothing worn by their CSXT-employee relatives, causing them, among other things, lung diseases. The district court denied CSXT's motions for partial summary judgments on plaintiffs' negligence claims under Georgia negligence law. We reverse.

As we recently explained, "the district court held that Georgia negligence law imposed a duty of care on CSXT to its employees' family members who were exposed to that asbestos-tainted clothing." *Williams v. Owens-Corning Fiberglas Corp.*, 369 F.3d 1269, 1270 (11th Cir.2004). Because we found no published Georgia case on point, we certified the following question of Georgia law to the Supreme Court of Georgia:

> Whether Georgia negligence law imposes any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace, such as the employee's home?

369 F.3d at 1270.

The Supreme Court of Georgia has now answered our question in the negative as follows, "Georgia negligence law does not impose any duty on an employer to a third-party, non-employee, who comes into contact

WILLIAMS v. OWENS-CORNING FIBERGLAS CORP.  1927

Felton Cullen WILLIAMS,
Plaintiffs-Appellees,

v.

OWENS-CORNING FIBERGLAS
CORPORATION, et al.,
Defendants,

CSX Transportation, Inc.,
Defendant-Appellant.

James Leverett, Individually and as Executor of the Estate of Gloria Leverett, Deceased, Plaintiff-Appellee,

v.

CSX Transportation Inc., Individually and as Successor in Interest to Seaboard Systems Railroad, Inc., The Seaboard Coastline Railroad, The Atlantic Coastline Railroad and The Georgia and Florida Railroad, Defendant-Appellant,

Garlock, Inc., et al, Defendants.

Nos. 03-14038, 03-14508.

United States Court of Appeals,
Eleventh Circuit.

April 14, 2005.

Appeals from the United States District Court for the Southern District of Georgia (Nos. 90-00258-CV-5, 90-00262-CV-5 and 01-00155-CV-2); Anthony A. Alaimo, Judge.

Before BLACK, RONEY and STROM*, Circuit Judges.

---

* Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

PER CURIAM:

These separate interlocutory appeals, Nos. 03-14038 & 03-14508, are again before this Court after the Supreme Court of Georgia's answer to our Certified Question of State Law. Plaintiffs are relatives, or personal representatives thereof, of Defendant CSX Transportation ("CSXT") employees who allege in the diversity jurisdiction case they were exposed at locations other than CSXT work facilities, such as at home, to asbestos fibers emitted from the work clothing worn by their CSXT-employee relatives, causing them, among other things, lung diseases. The district court denied CSXT's motions for partial summary judgments on plaintiffs' negligence claims under Georgia negligence law. We reverse.

As we recently explained, "the district court held that Georgia negligence law imposed a duty of care on CSXT to its employees' family members who were exposed to that asbestos-tainted clothing." *Williams v. Owens-Corning Fiberglas Corp.*, 369 F.3d 1269, 1270 (11th Cir.2004). Because we found no published Georgia case on point, we certified the following question of Georgia law to the Supreme Court of Georgia:

> Whether Georgia negligence law imposes any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace, such as the employee's home?

369 F.3d at 1270.

The Supreme Court of Georgia has now answered our question in the negative as follows, "Georgia negligence law does not impose any duty on an employer to a third-party, non-employee, who comes into contact

**1928**          **WILLIAMS v. OWENS–CORNING FIBERGLAS CORP.**

with its employee's asbestos-tainted work clothing at locations away from the workplace." *See CSX Transp., Inc. v. Williams, et al.*, 278 Ga. 888, 608 S.E.2d 208, 210 (2005).

It was therefore error for the district court to deny CSXT's motions for partial summary judgment on the ground that CSXT owed such a duty of care. The judgment denying CSXT's motions for summary judgment are reversed and the cases are remanded to the district court for proceedings consistent with the Georgia State Law.

REVERSED AND REMANDED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: [signature]
Deputy Clerk
Atlanta, Georgia

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

APR 2 2 2005

CSX Transportation
_____
Appellant

vs.

Audie R. Williams et al.
_____
Appellee

Case No. 03-~~10064-A~~ 14038CC

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | x | 36 | ~~20~~ 13 | ~~720~~ 468 | 180.00 | $117.00 |
| Record Excerpts | | x | 184 | 10 | 1840 | 460.00 | $460.00 |
| Appellee's Brief | | | | | | | |
| Reply Brief | | x | 22 | ~~20~~ 13 | ~~440~~ 286 | 110.00 | $71.50 |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $750.00 REQUESTED | $648.50 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: X April 20, 2005       Signature: X _Mary Helen M___

Attorney for: ___CSX Transportation___
(Type or print name of client)

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

**FOR COURT USE ONLY**

Costs are hereby taxed in the amount of $ 648.50 against _appellee_ By: _____
Deputy Clerk
Atlanta, Georgia

and are payable directly to _appellant_

Thomas K. Kahn, Clerk

Issued on: MAY 1 3 2005    By: _D. Clark_
Deputy Clerk

MISC-12
(Rev. 12/98)

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 13, 2005

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

**Appeal Number: 03-14038-CC**
Case Style: Felton Cullen Williams v. Owens-Corning Fiberglas
District Court Number: 90-00258 CV-5
SECONDARY CASE NO: 90-00262 CV-5

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs
    Original Exhibits, consisting of: one envelope
    Original record on appeal or review, consisting of: eight volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (03-2004)

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

May 13, 2005

**Appeal Number: 03-14038-CC**
Case Style: Felton Cullen Williams v. Owens-Corning Fiberglas
District Court Number: 90-00258 CV-5

TO:  Scott L. Poff

CC:  Mary Helen Moses

CC:  Randall Athley Jordan

CC:  Roger B. Lane

CC:  Mark Joseph Bujold

CC:  Charles Darrell Gossett

CC:  Administrative File