IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RICHARD LAMAR CARTER ) | CIVIL ACTION NO.: CV590-276 |
| GEORGE HOWELL ) | CV590-273 |
| VERNON CHARLES SMITH ) | CV590-278 |
| GLORIA BUTLER ) | CV591-005 |
| DANNY KIRKLAND ) | CV591-019 |
| ROBERT ROLLINS ) | CV597-076 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Defendant has identified seventy-five documents which it seeks to introduce as exhibits in these cases. Plaintiffs have objected to almost all of the Exhibits. (<u>Carter</u> doc. 145.)

With regard to Defendant's Exhibits, the Court rules as follows

<u>Defendant's Exhibits 1 through 37</u>

Each exhibit will be introduced only if its relevance is established and it meets the hearsay exception established by Federal Rule of Evidence 803(6).

<u>Defendant's Exhibit 38</u>

This exhibit will be admitted only if relevance is established at trial.

<u>Defendant's Exhibit 39</u>

This exhibit will be admitted only if relevance is established at trial.

<u>Defendant's Exhibit 43</u>

This exhibit will be introduced only if its relevance is established and it meets the hearsay exception established by Federal Rule of Evidence 803(6).

Defendant's Exhibit 44

This exhibit will be introduced only if its relevance is established and it meets the hearsay exception as established by Federal Rule of Evidence 803(6).

Defendant's Exhibit 47

This exhibit will be introduced only if its relevance is established at trial and it meets the requirements of Federal Rule of Evidence 803(8).

As an observation, defense counsel states that this exhibit would be relevant "(s)hould the Plaintiff contend at trial that he had exposure to asbestos in or around locomotive cabs . . .." Doesn't defense counsel know now whether Plaintiff so contends?

Defendant's Exhibits 49 through 56

Each exhibit will be introduced only if its relevance is established and it meets the hearsay exception established by Federal Rule of Evidence 803(6).

Defendant's Exhibit 57

Defendant has withdrawn this exhibit.

Defendant's Exhibit 58

This exhibit will be introduced only if its relevance is established at trial and it meets the requirements of Federal Rule of Evidence 803(8).

Defendant's Exhibit 59

This exhibit will be introduced only if its relevance is established and it meets the hearsay exception established by Federal Rule of Evidence 803(6).

Defendant's Exhibits 61 through 69 (excluding 62)

Each exhibit will be introduced only if its relevance is established and it meets the hearsay exception established by Federal Rule of Evidence 803(6).

Defendant's Exhibits 70 and 71

Each exhibit will be introduced only if its relevance is established and it meets the hearsay exception established by Federal Rule of Evidence 803(6).

AO 72A
(Rev. 8/82)

Defendant's Exhibit 72

This exhibit will be admitted if authenticated by Larry Liukonen.

Defendant's Exhibit 73

This exhibit will be introduced only if its relevance is established at trial and it meets the requirements of Federal Rule of Evidence 803(8).

Defendant's Exhibits 74 and 75

Each exhibit will be introduced only if its relevance is established and it meets the hearsay exception established by Federal Rule of Evidence 803(6).

**SO ORDERED**, this 9th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)